LITTLER MENDELSON, P.C.
STEVEN A. GROODE, Bar No. 210500
sgroode@littler.com
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

LITTLER MENDELSON, P.C.
JOHN H. ADAMS, JR., Bar No. 253341
jhadams@littler.com
500 Capitol Mall, Suite 2000
Sacramento, CA  95814
Telephone:  916.830.7200

Attorneys for Defendant
MEDLINE INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JIMENEZ,<br><br>Plaintiff,<br><br>v.<br><br>MEDLINE INDUSTRIES, INC., MARCUS RODRIGUEZ, and DOES 1-25, inclusive,<br><br>Defendant. | Case No.  2:17-cv-00536-KJM-DB<br><br>**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT MEDLINE INDUSTRIES, INC.'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date:  July 13, 2018<br>Time:  10:00 a.m.<br>Ctrm.:  3, 15th Floor<br>Judge:  Hon. Kimberly J. Mueller |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:155213751.1 049790.1040                                          Case No.  2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

Defendant MEDLINE INDUSTRIES, INC., hereby submits its Separate Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment or, alternatively, Partial Summary Judgment.

## FIRST CAUSE OF ACTION

## THERE IS NO TRIABLE ISSUE OF MATERIAL FACT AND DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION

| UMF No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 1. | Medline is a manufacturer and distributor of medical products that primarily serves hospitals and medical service providers.<br><br>Declaration of Scott Saling ("Saling Decl."), ¶ 2, Attached as Exhibit C to Defendant's Appendix of Exhibits. | |
| 2. | Plaintiff was hired by AtWork Personnel Services ("AtWork"), a staffing agency, in or around September 2015.<br><br>Deposition of Plaintiff Antonio Jimenez ("Pl.'s Depo."), 26:4-10, Attached as Exhibit B to Defendant's Appendix of Exhibits. | |
| 3. | AtWork and Medline have a services agreement in place.<br><br>Plaintiff's First Amended Complaint ("FAC"), ¶ 7, Attached as Exhibit A to Defendant's Appendix of Exhibits. | |
| 4. | Plaintiff was placed with Medline and began working in Medline's warehouse in Lathrop, California, in early- to mid-October 2015.<br><br>Saling Decl., ¶ 3; Pl.'s Depo., 27:19-25. | |
| 5. | Plaintiff's only placement through AtWork was at Medline.<br><br>Pl.'s Depo., 27:14-18; 97:6-12. | |
| 6. | Plaintiff worked at Medline for approximately two weeks. | |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:155213751.1 049790.1040    2.    Case No. 2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

| UMF No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Saling Decl., ¶ 3. | |
| 7. | Plaintiff's job duties primarily consisted of operating a forklift and "order selecting" products from shelves in the warehouse so that they could be shipped to Medline's customers.<br><br>Saling Decl., ¶ 3; Pl.'s Depo., 28:1-21; 29:20-25; 30:11-18. | |
| 8. | Medline had two warehouses at its facility in Lathrop – one smaller and one larger.<br><br>Saling Decl., ¶ 4; Pl.'s Depo., 29:8-19. | |
| 9. | Plaintiff began working in Medline's larger warehouse, then switched to its smaller warehouse after a few days.<br><br>Saling Decl., ¶ 4; Pl.'s Depo., 29:20-25. | |
| 10. | Plaintiff was informed of the switch by a receptionist for AtWork Personnel.<br><br>Pl.'s Depo., 47:8-22. | |
| 11. | Medline Warehouse Manager Scott Saling solely made the decision to move Plaintiff from the larger to the smaller warehouse based on his assessment of Medline's needs in each building at the time.<br><br>Saling Decl., ¶ 4. | |
| 12. | After making the decision, Saling directed AtWork Personnel to notify Plaintiff that he should begin reporting to the smaller building.<br><br>Saling Decl., ¶ 4. , Pl.'s Depo., 48:5-8. | |
| 13. | Saling used the same procedure to communicate the schedule he set for Plaintiff, including the days he would work and his start time; AtWork merely passed the information on to Plaintiff.<br><br>Saling Decl., ¶ 4. | |
| 14. | The AtWork receptionist called Plaintiff to tell him what time to arrive for work | |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:155213751.1 049790.1040    3.    Case No. 2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

| UMF No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | and where to report.<br><br>Saling Decl., ¶ 4; Pl.'s Depo., 63:4-17 |  |
| 15. | However, once there, Medline would tell him what he needed to do.<br><br>Saling Decl., ¶ 4; Pl.'s Depo., 63:4-17 |  |
| 16. | Every morning, Plaintiff attended a meeting run by a Medline supervisor who would instruct all the employees, whether temporary or direct hires, including Plaintiff, their assignments for the day.<br><br>Saling Decl., ¶ 5; Pl.'s Depo., 41:15-22 |  |
| 17. | The Medline supervisor would also tell the employees what to expect for the day, including the number of pallets and amount of product expected to go out that day.<br><br>Saling Decl., ¶ 5; Pl.'s Depo., 41:15-22 |  |
| 18. | Plaintiff considered the Medline employee who ran the morning meetings to be his supervisor.<br><br>Pl.'s Depo., 48:12-49:24 |  |
| 19. | Occasionally, other Medline employees would direct Plaintiff to stop working on his assigned duties to help with another task.<br><br>Saling Decl., ¶ 5; Pl.'s Depo., 40:19-23; 44:25-45:12 |  |
| 20. | Plaintiff believed these Medline employees' titles to be "Leads."<br><br>Pl.'s Depo., 50:4-14; 79:1-4 |  |
| 21. | Leads occasionally directed Plaintiff's work.<br><br>Saling Decl., ¶ 5; Pl.'s Depo, 40:6 -15; 40:19-23; 44:25-45:12 |  |
| 22. | Leads also informed Plaintiff and other employees when overtime work was |  |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:155213751.1 049790.1040           4.           Case No.  2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

| UMF No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | available.<br><br>Saling Decl., ¶ 5; Pl.'s Depo., 56:19-24 |  |
| 23. | Plaintiff's supervisor and the Leads were Medline employees.<br><br>Saling Decl., ¶ 5; Pl.'s Depo., 79:1-4 |  |
| 24. | AtWork had no supervision on site and never directed Plaintiff's day-to-day activities at Medline.<br><br>Saling Decl., ¶ 5 |  |
| 25. | Plaintiff had an employee card issued by Medline with a bar code on it that he used to clock in and out at Medline's warehouse.<br><br>Saling Decl., ¶ 6; Pl.'s Depo., 52:17-20 |  |
| 26. | If Plaintiff had any work-related issues, including being late or absent, Saling or a supervisor would decide if discipline was necessary, including termination of employment.<br><br>Saling Decl., ¶ 6 |  |
| 27. | Plaintiff believed that any decision to discipline him would have been made by Medline alone.<br><br>Pl.'s Depo., 61:2-20 |  |
| 28. | Plaintiff used a reach forklift and occasionally a cherry picker to perform his work for Medline.<br><br>Saling Decl., ¶ 7; Pl.'s Depo., 65:8-13 |  |
| 29. | Plaintiff did not use any other equipment.<br><br>Pl.'s Depo., 65:21-23 |  |
| 30. | Medline provided both the reach forklift and cherry picker that Plaintiff used.<br><br>Saling Decl., ¶ 7; Pl.'s Depo., 65:24-66:4 |  |
| 31. | Plaintiff did not provide any of his own equipment. |  |

Firmwide:155213751.1 049790.1040                5.                Case No. 2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

| UMF No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Pl.'s Depo., 66:5-7 | |
| 32. | Plaintiff's work for Medline was part of Medline's business and was identical to the work performed by Medline's direct hires.<br><br>Saling Decl., ¶ 8; Pl.'s Depo., 66:13-15 | |
| 33. | Plaintiff did not own or operate his own business.<br><br>Saling Decl., ¶ 8; Pl.'s Depo., 66:8-10 | |
| 34. | Plaintiff was paid by the hour, not per job.<br><br>Saling Decl., ¶ 8; Pl.'s Depo., 74:16-18 | |
| 35. | Plaintiff could not have earned additional income for good performance or been penalized economically for poor performance.<br><br>Pl.'s Depo., 75:2-4 | |
| 36. | Plaintiff's employment was at-will.<br><br>Saling Decl., ¶ 8; Pl.'s Depo., 75:13-17 | |
| 37. | The morning of October 26, 2015, Plaintiff was involved in an accident while working at Medline's warehouse.<br><br>Pl.'s Depo., 84:2-5 | |
| 38. | While Plaintiff was operating his forklift, the fork of a forklift being operated by Medline employee Marcus Rodriguez bumped into Plaintiff.<br><br>Pl.'s Depo., 84:8-15 | |
| 39. | The blade of Rodriguez's forklift pierced Plaintiff's buttocks<br><br>FAC, ¶ 12 | |
| 40. | Plaintiff was transported by ambulance to the hospital, where he received medical treatment.<br><br>Pl.'s Depo., 88:2-10 | |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:155213751.1 049790.1040    6.    Case No.  2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

| UMF No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 41. | After his accident in the Medline warehouse, Plaintiff filed a workers' compensation claim for the injury he suffered.<br><br>Pl.'s Depo., 14:15-23 | |
| 42. | Plaintiff settled his workers' compensation claim, receiving approximately $8,000.<br><br>Pl.'s Depo., 14:24-15:5; 15:14-18 | |

SECOND CAUSE OF ACTION

THERE IS NO TRIABLE ISSUE OF MATERIAL FACT AND DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S CLAIM FOR NEGLIGENCE

| | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 43. | Medline hereby incorporates by reference Facts No. 1-42 above. | |

Dated: June 15, 2018                                  LITTLER MENDELSON, P.C.


By: /s/ John H. Adams, Jr.
STEVEN A. GROODE
JOHN H. ADAMS, JR.
Attorneys for Defendant
MEDLINE INDUSTRIES, INC.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:155213751.1 049790.1040                    7.                    Case No. 2:17-cv-00536-KJM-DB

SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT