1  STEVEN A. GROODE, Bar No. 210500
   sgroode@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
3  Los Angeles, CA  90067.3107
   Telephone:  310.553.0308
4  Fax No.:    310.553.5583

5  JOHN H. ADAMS, JR., Bar No. 253341
   jhadams@littler.com
6  LITTLER MENDELSON, P.C.
   500 Capitol Mall, Suite 2000
7  Sacramento, CA  95814
   Telephone:  916.830.7200
8
   Attorneys for Defendant
9  MEDLINE INDUSTRIES, INC.

10

11                   UNITED STATES EASTERN DISTRICT COURT

12                       EASTERN DISTRICT OF CALIFORNIA

13  ANTONIO JIMENEZ,                    Case No.  2:17-cv-00536-KJM-DB

14             Plaintiff,                DECLARATION OF SCOTT SALING IN
                                         SUPPORT OF DEFENDANT MEDLINE
15       v.                              INDUSTRIES, INC.'S MOTION FOR
                                         SUMMARY JUDGMENT OR,
16  MEDLINE INDUSTRIES, INC.,            ALTERNATIVELY, PARTIAL SUMMARY
    MARCUS RODRIGUEZ; and DOES 1-25,     JUDGMENT
17  inclusive,
                                         Date:    July 13, 2018
18             Defendants.                Time:    10:00 a.m.
                                         Ctrm.:   3, 15th Floor
19                                       Judge:   Hon. Kimberly J. Mueller

**DECLARATION OF SCOTT SALING**

I, Scott Saling, hereby declare and state:

1. Since early September 2007, I have been a Warehouse Manager for Medline Industries, Inc. ("Medline"). Except where stated on information and belief, I have personal knowledge of the following facts and, if called to testify, I could and would competently testify thereto.

2. Medline is a manufacturer and distributor of medical products that primarily serves hospitals and medical service providers. At the time of the events relevant to this action, I worked out of Medline's warehouse in Lathrop, California. That facility closed in August 2016. I now work out of Medline's warehouse in Tracy, California. My job duties are the same today as they were in October 2015, when the events giving rise to this action took place. I have oversight of all inbound and outbound operations at the warehouse, including the movement of product in and out. My job duties include oversight of Medline's supervisors and the warehouse operators who report to them, including forklift operators. In October 2015, the supervisors at the Lathrop warehouse were Brandon Sublette and Jet Irada.

3. Plaintiff was placed with Medline by AtWork Personnel and began working in Medline's warehouse in Lathrop, California, in early- to mid-October 2015. Plaintiff's job duties primarily consisted of operating a forklift and cherry picker and "order selecting" products from shelves in the warehouse so that they could be shipped to Medline's customers. Plaintiff worked at Medline for approximately two weeks.

4. The Medline facility in Lathrop consisted of two buildings, one of which had approximately 70 warehouse operators working in it (the larger building) and one of which had approximately 10 warehouse operators working in it (the smaller building). Plaintiff began working in the larger building, then switched to the smaller building after a few days. I solely made the decision to move Plaintiff from the larger to the smaller building based on my assessment of Medline's needs at the time in each building. After making that decision, I directed AtWork Personnel to notify Plaintiff should he should begin reporting to the smaller building. I used the same procedure to communicate the schedule that I set for Plaintiff, including the days he would

LITTLER MENDELSON, P.C.
3344 PEACHTREE ROAD N.E.
SUITE 1500
ATLANTA, GA 30326.4803
404.233.0330

Firmwide:155280453.2 049790.1040

DECLARATION OF SCOTT SALING ISO DEFENDANT MEDLINE'S MOTION FOR SUMMARY JUDGMENT

work and his start time – I directed AtWork to notify Plaintiff what his schedule would be, and I am informed and believe that AtWork passed the information on to Plaintiff.

5. Every morning in the warehouse, we held a "start-up meeting" at which a supervisor or I would instruct the warehouse operators, whether temporary or direct hires, including Plaintiff, what their assignments and job duties would be for that day. We would also tell the employees what to expect for the day, including the number of pallets and amount of product expected to go out of the warehouse that day. In addition to the supervisors and I, certain experienced warehouse operators were charged with helping direct work during the day. These employees would direct other warehouse operators to help with specific tasks or projects on an as-needed basis. These employees, or a supervisor, would also inform warehouse operators when overtime work was available. These employees, as well as the supervisors and I, were all Medline employees. AtWork had no supervision on site and never directed Plaintiff's day-to-day activities at Medline.

6. While Plaintiff worked in the warehouse, Medline issued him a card with a bar code that he used to clock in and out each day. If Plaintiff had any work-related issues, including being late or absent, a supervisor or I would decide if discipline was necessary, including termination of employment.

7. Plaintiff used a reach forklift and occasionally a cherry picker to perform his work for Medline. Medline provided both the reach forklift and cherry picker that Plaintiff used. Plaintiff was not required to provide any of his own equipment.

8. Plaintiff's work for Medline was a part of Medline's regular business and was identical to the work performed by Medline's direct hires. Plaintiff did not operate his own business as part of his work at Medline. Plaintiff's employment was at-will as is the customary employment status of the nonexempt Medline employees with whom he worked.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this _15_ day of June, 2018, at ___Tracy, CA___.

_____
SCOTT SALING

TTLER MENDELSON, P.C.
3344 PEACHTREE ROAD N.E.
SUITE 1530
ATLANTA, GA 30326.4803
404.233.0330

Firmwide:155280453.2 049790.1040      2.
DECLARATION OF SCOTT SALING ISO DEFENDANT MEDLINE'S MOTION FOR SUMMARY JUDGMENT